UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SOMERA CAPITAL MANAGEMENT, LLC**<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>**SOMERA ROAD INC.**<br><br>Defendant/Counterclaim-Plaintiff. | Civil Action No. 19-CV-8291<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**Jury Trial Demanded** |

Defendant Somera Road Inc. ("SRI") responds to the complaint filed by Plaintiff Somera Capital Management, LLC ("SCM") as follows. s

## AS TO NATURE OF THE CASE

1. SRI admits that SCM has brought an action for trademark infringement under 15 U.S.C. § 1114, unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a), common law unfair competition and trademark infringement, and for violation of N.Y. Gen. Bus. Law. §349, and that SCM is seeking monetary and injunctive relief. SRI denies the remaining allegations in paragraph 1.

## AS TO JURISDICTION

2. SRI admits that this Court has subject matter jurisdiction and supplemental jurisdiction over each of the claims brought by SCM in this action.

## AS TO VENUE

3. SRI admits that venue is properly laid in the United States District Court for the Southern District of New York.

## AS TO PARTIES

4. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4 and therefore denies them.

5. SRI admits that its principal offices are located at 130 W 42nd Street, 10th Floor, New York, NY 10036. SRI denies the remaining allegations in paragraph 5.

## AS TO FACTS

6. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 and therefore denies them.

7. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7 and therefore denies them.

8. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8 and therefore denies them.

9. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 9 and therefore denies them.

10. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 and therefore denies them.

11. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 and therefore denies them.

12. SRI admits that US Trademark Registration No. 2,868,468 for SOMERA CAPITAL MANAGEMENT identifies SCM as the owner, bears an issuance date of August 3, 2004 and lists the services described. SRI admits that US Trademark Application Serial Nos. 88/517,401 and 88/517,323 for SOMERA were filed under International Classes 36 and 37, respectively, on July 16, 2019 and list the respective services described. SRI states that each of the

documents attached as <u>Exhibit A to the Complaint</u> speaks for itself. SRI is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 12 and therefore denies them. SRI further states that, upon information and belief, Application Ser. Nos. 88/517,323 and 88/517,401 are each void *ab initio* and Registration No. 2,868,468 is void *ab initio* in whole or in part.

13.     SRI admits that US Trademark Registration No. 2,868,468 is shown as an active registration in the United States Patent and Trademark Office ("USPTO") Trademark Status and Document Retrieval ("TSDR") system and that the TSDR also shows that a Section 15 Declaration has been filed with and acknowledged by the USPTO with respect to such registration. SRI lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 13 and therefore denies them. SRI further states that, upon information and belief, Registration No. 2,868,468 is void *ab initio* in whole or in part and the Section 15 Declaration is invalid in whole or in part.

14.     SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore denies them.

15.     SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15 and therefore denies them.

16.     SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16 and therefore denies them. SRI further states than any such purported articles speak for themselves.

17.     SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 and therefore denies them.

18. SRI admits that it holds itself out to be a New York-based commercial real estate investment firm targeting off-market acquisitions previously impaired by some form of distress such as loan defaults, partnership disputes, and bankruptcy, that SRI was formed as a New York corporation on April 9, 2014, and commenced operations in 2016.

19. SRI denies the allegations of paragraph 19.

20. SRI admits that it seeks to generate profits for itself and its investors through positive rates of return on off-market acquisitions previously impaired by some form of distress such as loan defaults, partnership disputes, and bankruptcy through investments in multiple states within the US. SRI lacks sufficient knowledge or information as to whether it is "like" SCM in this regard and therefore denies the remaining allegations of paragraph 20.

21. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 and therefore denies them.

22. SRI admits that private investors invest in SRI's investment properties. SRI lacks sufficient knowledge or information as to whether it is "like" SCM in this regard. SRI lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22 and therefore denies them.

23. SRI denies the allegations in paragraph 23.

24. SRI admits that it uses the trade names "Somera Road Inc." and "Somera Road" and that it uses the SOMERA ROAD logo shown in paragraph 24. SRI lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 24 and therefore denies them.

25. SRI denies the allegations in paragraph 25.

26. SRI admits that SRI personnel have occasionally referred to SRI as "Somera" in their business communications and that SRI's website occasionally refers to SRI as "Somera." SRI denies the remaining allegations of paragraph 26.

27. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 27 and therefore denies them.

28. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 and therefore denies them. SRI further states that the purported articles speak for themselves.

29. SRI admits that its web page https://someraroadinc.com/news/ contains the links identified in paragraph 28 and links to other articles relating to SRI.

30. SRI admits that there is one press release earlier than 2018 linked on its web page https://someraroadinc.com/news/, and that the press release is dated October 30, 2017. SRI denies the remaining allegations in paragraph 30.

31. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31 and therefore denies them.

32. SRI denies that it is using identical or substantially identical trademarks to those used by SCM, for identical or substantially identical services, in the same domestic commercial real estate market, targeted to the same classes of real estate property owners, investors, brokers, lenders and other participants in the commercial real estate investment market. SRI lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 32 and therefore denies them.

33. SRI denies the allegations in paragraph 33.

34. SRI denies the allegations in paragraph 34.

35. SRI denies the allegations in paragraph 35.

36. SRI denies the allegations in paragraph 36.

37. SRI admits that it received the letter attached as Exhibit B to the Complaint and that such letter is dated January 24, 2019. SRI denies the remaining allegations of paragraph 37. SRI further states that the letter speaks for itself.

38. SRI admits that its counsel sent the letter attached as Exhibit C to the Complaint and that such letter is dated April 8, 2019. SRI denies the remaining allegations of paragraph 38 and SRI further states that the letter speaks for itself.

39. SRI admits that additional communications took place between the SCM's counsel and SRI's counsel after April 8, 2019. SRI denies the remaining allegations of paragraph 39.

40. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40 and therefore denies them.

41. SRI denies the allegations in paragraph 41.

**AS TO COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT
UNDER § 32(1) OF THE LANHAM ACT**

42. SRI incorporates by reference its preceding answers as though fully restated herein.

43. SRI denies the allegations in paragraph 43.

44. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44 and therefore denies them.

45. SRI denies the allegations in paragraph 45.

46. SRI denies the allegations in paragraph 46.

47. SRI denies the allegations in paragraph 47.

48. SRI denies the allegations in paragraph 48.

## AS TO COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER § 43(a) OF THE LANHAM ACT

49. SRI incorporates by reference its preceding answers as though fully restated herein.

50. SRI denies the allegations in paragraph 50.

51. SRI denies the allegations in paragraph 51.

52. SRI denies the allegations in paragraph 52.

53. SRI denies the allegations in paragraph 53.

54. SRI denies the allegations in paragraph 54.

## AS TO COUNT III

## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

55. SRI incorporates by reference its preceding answers as though fully restated herein.

56. SRI lacks sufficient knowledge or information to admit or deny the allegations in paragraph 56 and therefore denies them.

57. SRI denies the allegations in paragraph 57.

58. SRI denies the allegations in paragraph 58.

59. SRI denies the allegations in paragraph 59.

60. SRI denies the allegations in paragraph 60.

## AS TO COUNT IV
## VIOLATION OF N.Y. GEN. BUS. LAW § 349

61. SRI incorporates by reference its preceding answers as though fully restated herein.

62. SRI denies the allegations in paragraph 62.

63. SRI denies the allegations in paragraph 63.

64. SRI denies the allegations in paragraph 64.

65. SRI denies the allegations in paragraph 65.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

SRI denies that SCM is entitled to any of the relief requested by SCM in its Prayer for Relief, or any other relief with respect to the allegations made in the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendant does not concede that it bears the burden of proof, in whole or in any part, as to any of such matters.

## FIRST AFFIRMATIVE DEFENSE

SCM became aware of SRI and SRI's use of the name and mark SOMERA ROAD at least as early as October 12, 2016 in an email introduction of SRI's Vice President of Development, Joe LeMense, to the Managing Director of SCM, Jake Farver, that expressly references the use of a common name. Although Mr. Farver replied to Mr. LeMense that it was "nice to meet you via email" and offered to "catch-up," Mr. Farver did not at that time, nor did he or any other agent or representative of SMC at any time prior to SCM's January 24, 2019 letter, object to SRI's use of the name Somera Road. SCM further waited to file its Complaint in this action until September 9, 2019. While SCM delayed in asserting its alleged trademark rights, SRI invested in and grew its business under the name Somera Road. SMC's delay was

inexcusable and caused undue prejudice to SRI. For at least the foregoing reasons, SCM's claims and its demands for monetary damages are barred in whole or in part by reason of laches and/or waiver.

## SECOND AFFIRMATIVE DEFENSE

For at least the reasons set forth in the First Affirmative Defense, SCM's claims and its demands for monetary damages are barred in whole or in part by reason of estoppel.

## THIRD AFFIRMATIVE DEFENSE

For at least the reasons set forth in the First Affirmative Defense, SCM's claims and its demands for monetary damages are barred in whole or in part by reason of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

For at least the reasons set forth in SRI's Counterclaims, SCM's Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by SCM as a result of the acts alleged in the Complaint were caused in whole or in part or contributed to by acts, omissions, negligence or failure to mitigate by SCM or its agents.

## SIXTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff under N.Y. Gen. Bus. Law § 349 is barred in whole or in part by a lack of standing.

## COUNTERCLAIMS

Counterclaim-Plaintiff Somera Road Inc. ("SRI"), for its Counterclaims against Counterclaim-Defendant Somera Capital Management ("SCM") states as follows:

## PARTIES

1. SRI is a New York Corporation with a principal place of business at 130 W 42nd Street, 10th Floor, New York, NY 10036.

2. SCM alleges that it is a California Limited Liability Company with a principal place of business at 115 W. Canon Perdido St., Santa Barbara, California 93101.

## NATURE OF ACTION

3. These counterclaims concern the invalidity of United States Trademark Application Serial Numbers 88/517,323 and 88/517,401 which are void *ab initio* under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*; and the whole or partial invalidity of United States Trademark Registration 2,868,468 which should be canceled under Lanham Act § 37, 15 U.S.C. § 1119 in whole or in part.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over SCM based at least upon its filing of the Complaint to which this Answer and Counterclaims respond.

6. To the extent that it is found that this Court has personal and subject matter jurisdiction over the claims brought by SCM, and that venue is deemed proper with regard to SCM's Complaint, venue for these Counterclaims is appropriate in this Court pursuant to 28 U.S.C. § 1391 because SCM has submitted to this Court's jurisdiction by filing its Complaint.

## BACKGROUND FACTS

7. On September 5, 2019, SCM filed this action alleging trademark infringement pursuant to 15 U.S.C. § 1114, unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a), common law unfair competition and trademark infringement, and violation of N.Y. Gen. Bus. Law. § 349.

8. In support of its Complaint, SCM alleges that it owns United States Trademark Registration Number 2,868,468 for the mark SOMERA CAPITAL MANAGEMENT in standard character form (the "SCM Registration").

9. SCM also alleges in its Complaint that it owns United States Trademark Application Serial Numbers 88/517,401 and 88/517,323, currently pending before the United States Patent and Trademark Office ("USPTO"), each for the mark SOMERA in standard character form (collectively, the "SCM Applications").

10. SCM wrongly alleges in its Complaint that SRI is infringing upon SCM's trademark rights in the marks SOMERA CAPITAL MANAGEMENT and SOMERA.

### The SCM Registration

11. Upon information and belief, SCM represented to the USPTO that SCM was using the SOMERA CAPITAL MANAGEMENT mark in commerce in connection with each of the applied-for services on the date the application for the SCM Registration was filed.

12. Upon information and belief, an office action issued on March 28, 2003, whereby the assigned USPTO Trademark Examining Attorney initially refused registration of the SCM Registration because, *inter alia*, the submitted specimen of use did not show use of the mark for the identified services in International Class 37.

13. Upon information and belief, the SCM Registration was granted on August 3, 2004 for use with "real estate services; namely, management, operation, leasing, appraisal, acquisition, brokerage, investment, and valuation; and financial investment in real estate companies" in International Class 36 and "real estate services; namely, development, supervision of construction management; residential and commercial building construction and repair; and site selection" in International Class 37.

14. Upon information and belief, a Declaration of Use, pursuant to Lanham Act Section 8, 15 U.S.C. § 1058, was filed for the SCM Registration on August 10, 2009 as to all registered services.

15. Upon information and belief, a Combined Declaration of Use and Application for Renewal, pursuant to Lanham Act Sections 8 and 9, 15 U.S.C. §§ 1058 and 1059, was filed for the SCM Registration on May 13, 2014 as to all registered services.

16. Upon information and belief, a Declaration of Incontestability, pursuant to Lanham Act Section 15, 15 U.S.C. § 1065, was filed for the SCM Registration on July 16, 2019 only for "real estate services, namely, management, operation, acquisition, and investment; and financial investment in real estate companies" in International Class 36 and for "real estate services, namely, development, supervision of construction management; and site selection" in International Class 37.

17. Upon information and belief, a Request for Amendment to the SCM Registration, pursuant to Lanham Act Section 7, 15 U.S.C. § 1057, was filed on September 5, 2019, requesting amendment of the services identification to: "real estate services, namely, management, operation, acquisition, and investment; and financial investment in real estate companies" in

International Class 36 and "real estate services, namely, development, supervision of construction management; and site selection" in International Class 37.

18.     Upon information and belief, an updated registration certificate was issued by the USPTO for the SCM Registration on October 29, 2019.

### The SCM Applications

19.     SCM alleges in its Complaint that the SCM Applications were filed with the USPTO on July 16, 2019, with Application Serial Number 88/517,401 for use with "real estate services, namely, real estate management, operation, and acquisition; financial investment in the field of real estate" in International Class 36 and Application Serial Number 88/517,323 for use with "real estate development; construction management; real estate site selection" in International Class 37.

20.     Upon information and belief, SCM represented to the USPTO in the SCM Applications that SCM was using the SOMERA mark in commerce in connection with the each of the applied-for services on the date the SCM Applications were filed.

21.     Upon information and belief, office actions issued against the respective SCM Applications on October 8, 2019, whereby the assigned USPTO Trademark Examining Attorney refused registration of the SCM Applications because the specimens of use submitted in support of the SCM Applications did not show use in commerce of the SOMERA mark with the respective identified services and did not show a direct association between the SOMERA mark and the respective identified services.

22.  The specimens of use filed in support of the SCM Applications do not display trademark use of SOMERA but rather show use of the mark SOMERA CAPITAL MANAGEMENT in the form shown below:



**Use of SOMERA and SOMERA CAPITAL MANAGEMENT as Trademarks**

23.  Upon information and belief, SCM was not using the SOMERA mark in commerce in connection with each of the services identified in the SCM Applications on the date the SCM Applications were filed, as required by Lanham Act §1(a), 15 U.S.C. § 1051(a).

24.  Upon information and belief, SCM did not have a *bona fide* intent to use the SOMERA mark in commerce in connection with the each of the applied-for services identified in the SCM Applications on the date the SCM Applications were filed, as required by Lanham Act §1(b), 15 U.S.C. § 1051(b).

25.  Upon information and belief, SCM does not currently use the term SOMERA as a trademark in connection with each of the applied-for services identified in the SCM Applications.

26.  Upon information and belief, to the extent SCM makes use of a SOMERA-formative trademark, such use is of the mark SOMERA CAPITAL MANAGEMENT and not of SOMERA.

27.  Upon information and belief, to the extent SCM had a *bona fide* intent to use a SOMERA-formative trademark at the time the SCM Applications were filed, such *bona fide* intent was for use of the mark SOMERA CAPITAL MANAGEMENT and not of SOMERA.

28. Upon information and belief, any use by SCM of "SOMERA," standing alone, is merely as a trade name and not as a trademark.

29. Upon information and belief, SCM does not use the term "SOMERA" as a trademark in association with offering or rendering each of the services identified on the SCM Applications primarily for the benefit of someone other than SCM.

30. Upon information and belief, SCM's true intention in filing the SCM Applications was to give the false appearance of a stronger position against SRI in the current action.

31. Upon information and belief, SCM was not using the SOMERA CAPITAL MANAGEMENT mark in commerce in connection with each of the services identified in the application for the SCM Registration on the date the application for the SCM Registration was filed, as required by Lanham Act §1(a), 15 U.S.C. § 1051(a).

32. Upon information and belief, SCM does not use the term "Somera Capital Management" as a trademark in association with offering or rendering each of the services identified on the SCM Registration primarily for the benefit of someone other than SCM.

## COUNT I

**(Abandonment of the SCM Applications)**

33. SRI repeats and realleges Paragraphs 1 through 32 as if fully restated herein.

34. Upon information and belief, SCM was not using the SOMERA mark in commerce in connection with each of the services identified in the SCM Applications primarily for the benefit of someone other than SCM on the date the SCM Applications were filed, pursuant to Lanham Act § 1(a), 15 U.S.C. § 1051(a).

35. Upon information and belief, SCM did not have a *bona fide* intent to use the SOMERA mark in commerce in connection with each of the applied-for services identified in the

SCM Applications primarily for the benefit of someone other than SCM on the date the SCM Applications were filed, pursuant to Lanham Act § 1(b), 15 U.S.C. § 1051(b).

36. SRI will be damaged if the SCM Applications mature to registration because SCM has asserted alleged rights in the SCM Applications and SOMERA mark against SRI in its Complaint seeking to stop SRI's use of SOMERA ROAD as a trade name and trademark, and the registrations would be *prima facie* evidence of the validity of the SOMERA mark, of SCM's ownership of the mark, and of SCM's exclusive right to use the mark in commerce in connection with the services identified in the SCM Applications, when in fact SCM has not used the SOMERA mark in commerce and has no *bona fide* intent to use the mark in commerce primarily for the benefit of someone other than SCM.

37. Accordingly, the SCM Applications are void *ab initio*, pursuant to Lanham Act § 1, 15 U.S.C. § 1051, because SCM had neither a *bona fide* use of the SOMERA mark in commerce in connection with each of the identified services nor had a *bona fide* intent to use the SOMERA mark in connection with each of the applied-for services primarily for the benefit of someone other than SCM on or prior to the filing date of the SCM Applications.

38. Therefore, registration of the SCM Applications should be denied and deemed abandoned pursuant to Lanham Act § 1(a), 15 U.S.C. § 1051.

## COUNT II

**(Cancellation of the SCM Registration in Whole or in Part)**

39. SRI repeats and realleges Paragraphs 1 through 38 as if fully restated herein.

40. Upon information and belief, SCM was not using the SOMERA CAPITAL MANAGEMENT mark in commerce in connection with each of the services identified in the application for the SCM Registration primarily for the benefit of someone other than SCM on the

date the application for the SCM Registration was filed, pursuant to Lanham Act § 1(a), 15 U.S.C. § 1051(a).

41. Upon information and belief, SCM did not have a *bona fide* intent to use the SOMERA CAPITAL MANAGEMENT mark in commerce in connection with each of the applied-for services identified in the application for the SCM Registration primarily for the benefit of someone other than SCM on the date the application for the SCM Registration was filed, pursuant to Lanham Act § 1(b), 15 U.S.C. § 1051(b).

42. Upon information and belief, SCM had not used the SOMERA CAPITAL MANAGEMENT mark in commerce in connection with each of the applied-for services identified in the application for the SCM Registration primarily for the benefit of someone other than SCM as of the date the SCM Registration matured to registration, as required by Lanham Act §1(a), 15 U.S.C. § 1051(a).

43. Upon information and belief, the Declaration of Incontestability, filed pursuant to Lanham Act § 15, 15 U.S.C. § 1065, for the SCM Registration on July 16, 2019, was invalid in whole or in party because the SOMERA CAPITAL MANAGEMENT trademark was not being used in commerce in connection with each of the services identified on the declaration primarily for the benefit of someone other than SCM on the date the declaration was filed nor during the five-years preceding the declaration's filing.

44. SRI will be damaged if the SCM Registration continues to exist because SCM has asserted alleged rights in the SCM Registration and SOMERA CAPITAL MANAGEMENT trademark against SRI in the Complaint against SRI in its Complaint seeking to stop SRI's use of SOMERA ROAD trade name and trademark, and the registration would be *prima facie* evidence of the validity of the SOMERA CAPITAL MANAGEMENT mark, of SCM's ownership of the

mark, and of SCM's exclusive right to use the mark in commerce in connection with the services identified in the SCM Registration, when in fact SCM had not used the SOMERA CAPITAL MANAGEMENT mark in commerce in connection with the identified services primarily for the benefit of someone other than SCM.

45.     Accordingly, the SCM Registration is void *ab initio* in whole or in part because SCM did not have *bona fide* use of the SOMERA mark in commerce in connection with each the identified services at the time of application through the time of registration nor did SCM have a *bona fide* intent to use the SOMERA mark in connection with each of the applied-for services on the filing date of the application for the SCM Registration primarily for the benefit of someone other than SCM.

46.     Therefore, the SCM Registration is subject to cancellation in whole or in part pursuant to Lanham Act § 37, 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-Plaintiff Somera Road Inc. respectfully requests that the Court enter judgment against Plaintiff and Counterclaim-Defendant Somera Capital Management, LLC to include:

A.     Declaring that Defendant has not infringed and currently does not infringe any trademark rights of Plaintiff;

B.     Declaring that Plaintiff is not entitled to the relief that it seeks; and

C.     Declaring that United States Trademark Application Serial Number 88/517,323 is void *ab initio* under the Lanham Act, 15 U.S.C. § 1051, et. seq., and Lanham Act § 1, 15 U.S.C. § 1051 and denying registration of United States Trademark Application Serial Number 88/517,323 for the trademark SOMERA.

     D.     Declaring that United States Trademark Application Serial Number 88/517,401 is void *ab initio* under the Lanham Act, 15 U.S.C. § 1051, et. seq., and Lanham Act § 1, 15 U.S.C. § 1051 and denying registration of United States Trademark Application Serial Number 88/517,401 for the trademark SOMERA.

     E.     Declaring that United States Trademark Registration Number 2,868,468 is void *ab initio* under the Lanham Act, 15 U.S.C. § 1051, et. seq., and Lanham Act § 1, 15 U.S.C. § 1051 in whole or in part and directing, pursuant to Lanham Act § 37, 15 U.S.C. § 1119, the cancellation of United States Trademark Registration Number 2,868,468 for the trademark SOMERA CAPITAL MANAGEMENT in whole or in part.

     F.     Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Defendant/Counterclaim Plaintiff Somera Road Inc. hereby demands a jury trial as to all issues that are so triable.

Dated: November 12, 2019                  EPSTEIN BECKER & GREEN, P.C.

                                                    By:  */s/ Anthony J. Laura*
                                                              Anthony J. Laura
                                                              Matthew Savage Aibel
                                        One Gateway Center
                                        Newark, NJ 07102
                                        Tel: (973) 642-1900
                                        Fax: (973) 642-0099

                                        Constance R. Lindman (*pro hac vice* to be filed)
                                        Frost Brown Todd LLC
                                        201 N. Illinois St. Suite 1900
                                        Indianapolis, IN 46204
                                        Tel: (317) 237-3800
                                        Fax: (317) 237-3900

                                        *Attorneys for Defendant/Counterclaim-Plaintiff Somera Road Inc.*